must be signed by the foreman of the grand jury, but when the word "foreman" is appended to the name of the person signing the same as such, the signature is sufficient, as the designation "foreman" refers to the introductory clause of the indictment, and to the record, as verifying the legal inference that "foreman" means foreman of the grand jury. Remarks upon the last cause assigned, to wit, the eighteenth, are unnecessary, as it was conceded at the argument that it did not have respect to any defects, except such as are included in the special assignments to which reference has been made.

## Case No. 16,057.
### UNITED STATES v. PLYMPTON.
[4 Cranch, C. C. 309.] 1
Circuit Court, District of Columbia. March Term, 1833.

OBTAINING MONEY UNDER FALSE PRETENCES—INDICTMENT—VENUE.

1. An indictment cannot be sustained in Washington county, D. C., for obtaining money by false pretences made out of the county.

2. Quære, whether it is not necessary that all the facts which constitute the offence should have occurred in the county where prosecuted.
[Distinguished in U. S. v. Henning, Case No. 15,349.]

Indictment [against William Plympton] for obtaining money by false pretences. It appeared that the false pretences were made in Baltimore, where the acceptances obtained thereby were made and paid, although the defendant obtained money upon them by getting them discounted in Washington county, D. C.

R. S. Coxe, for defendant, moved the court to instruct the jury that there was no evidence to sustain the indictment, which instruction THE COURT (THRUSTON, Circuit Judge, absent) refused to give; and also refused to instruct the jury that, if the false pretences were made in Maryland, they should find the defendant not guilty, although the money should have been obtained here upon the discount of the bills.

Verdict, guilty; but THE COURT (nem. con.) granted a new trial because the false pretences, if made at all, were not made in this county; and the bills were accepted and paid by the prosecutor, in Baltimore.

MORSELL, Circuit Judge, was inclined to think that if the money was obtained by the defendant in this county, it was sufficient to sustain the indictment.

THRUSTON, Circuit Judge, was of opinion that if the false pretences were not made in this county, the prosecution could not be supported.

CRANCH, Chief Judge, was inclined to the opinion, that all the facts necessary to constitute the offence must have occurred in this county.

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,058.
### UNITED STATES v. PLYMPTON.
[4 Cranch, C. C. 309.] 1
Circuit Court, District of Columbia. March Term, 1833.

UTTERING FORGED PAPER — VENUE OF OFFENCE.

A forged paper, inclosed at Baltimore in a letter directed to a person in Washington, D. C., and put into the post-office at Baltimore, is not an uttering of the note in Washington.
[Cited in Palliser v. U. S., 136 U. S. 267, 10 Sup. Ct. 1037.]

Indictment [against William Plympton] for forgery, by altering two checks on the Baltimore Savings Institution, 27th August, 1831; and for uttering them, knowing them to be so forged. The counts for forging the checks were abandoned. Upon the counts for uttering, &c., the uttering, attempted to be proved, was by putting the altered checks, inclosed in a letter, into the post-office in Baltimore in Maryland, directed to Richard Wright, in Washington, D. C.; which was like the case of U. S. v. Wright [Case No. 16,773], at December term, 1821, and April term, 1822, in this court, where the forged paper was put into the post-office in Tennessee, inclosed in a letter directed to a person in Washington; in which case this court, upon a special verdict, decided that the uttering was not in Washington county.

Upon the authority of that case, THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury that the facts proved did not show an uttering in this county.

Verdict, not guilty.

## Case No. 16,059.
### UNITED STATES v. POAGE.
[6 McLean, 89.] 2
Circuit Court, D. Ohio. April Term, 1854.

CRIMINAL LAW — EVIDENCE OF GOOD CHARACTER.

1. The defendant was intimately associated with the individual, who stole the letter containing a hundred dollar bank bill and a promissory note for eighty-two dollars. But he proved himself to be a man of irreproachable character and of high intelligence, by witnesses of undoubted respectability.

2. This would seem to be sufficient to protect him from suspicion, where no other fact is proved to implicate him.

3. He was formerly acquainted with Coyle in Virginia, who was, probably, the guilty party; and this may account for their intimacy.

Mr. Morton, U. S. Dist. Atty.
Mr. Pendleton, for defendant.

CHARGE OF THE COURT. This is an indictment against the derendant [Alpheus Poage], charging him with stealing from the mail, a certain letter, written by Nesbat, and

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reported by Hon. John McLean, Circuit Justice.]